**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

J. BENJAMIN ODOMS,

                            Plaintiff,

v.

ROMEO ARANAS, *et al.,*

                            Defendants.

3:16-cv-00159-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

      This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a preliminary injunction (ECF No. 9) and defendants' opposition (ECF No. 12, 14 (sealed)). For the reasons described below, the court recommends that the motion be denied.

## I. PROCEDURAL HISTORY

      J. Benjamin Odoms ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Proceeding *pro se*, plaintiff brings this case under 42 U.S.C. § 1983. (ECF No. 7.) On June 23, 2017, the court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, and allowed plaintiff to proceed on two Eighth Amendment claims of deliberate indifference to serious medical needs against Dr. Karen Gedney and Dr. Marsha Johns. (ECF No. 10 at 10.)

      In plaintiff's motion for preliminary injunction, he alleges that due to the non-treatment of his Hepatitis-C ("hep-C"), his stomach is bloated and needs to be drained every two weeks, as excess fluid pushes against his lungs making it difficult to breathe. (ECF No. 9 at 2-3.) Plaintiff contends that Dr. Johns did not want him to have surgery because of the cost, and that prison officials will not treat plaintiff's hep-C due to cost, but continue to monitor plaintiff's hep-C with

pills.  (*Id.* at 3.)  Due to the non-treatment of plaintiff's hep-C, his body is retaining body fluid and causing swelling in his feet and legs.  (*Id.*)  Plaintiff is unable to sit in one spot for more than twenty minutes because his legs and feet go numb.  (*Id.*)  Plaintiff also has low blood pressure and chest pain from the fluid pushing against his heart.  (*Id.*)  Plaintiff seeks an injunction to cure his hep-C with the Harvoni treatment.  (*Id.* at 4.)  On July 25, 2017, this court held a hearing on plaintiff's motion for preliminary injunction.

## II.    DISCUSSION

### A.    Legal Standard

Courts may grant preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65.  However, such remedies are "extraordinary and drastic . . . [and] never awarded as of right[.]" *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted).  When moving for a preliminary injunction, the plaintiff must make several showings: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  The test is conjunctive, meaning the party seeking the injunction must satisfy each element.  In the Ninth Circuit, courts are to apply a "'sliding scale approach'" in evaluating the motion, "such that 'serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest.'" *Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).  The standard for a permanent injunction is substantially the same.  *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1229 (D. Nev. 2010).

Other considerations may apply to injunctive relief within the prison context.  First, a more stringent standard applies where a party seeks affirmative relief.  Ordinarily, preliminary injunctive relief aims to preserve the status quo pending a determination of the case on the merits.  *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009).  When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be

extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, mandatory preliminary relief is only warranted where both the facts and the law clearly favor the moving party and "extreme or very serious damage will result." *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 2009) (internal quotation omitted). Second, the Prison Litigation Reform Act ("PLRA") provides that, with regard to prison conditions,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Therefore, the PLRA "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

Finally, in addition to the requirements described above, the Supreme Court has observed that a preliminary injunction motion must seek relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, a court may not enjoin conduct relating to "a matter lying wholly outside the issues in the suit." *Id.* In the same vein, the Ninth Circuit recently ruled that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a sufficient "relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

**B.     Analysis**

Having heard oral argument and having reviewed plaintiff's filings with the above-cited principles in mind, it is clear that plaintiff has not made the showing required for an injunction to issue. First, plaintiff he has not shown he is likely to succeed on the merits of his underlying

deliberate indifference claim. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To prevail plaintiff must make two showings: (1) a "serious medical need," and (2) that defendants' response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). Medical malpractice or negligence is not enough to state a claim. *Toguchi*, 391 F.3d at 1060. Plaintiff's motion asserts that there has been a delay in his medical treatment and that the non-treatment of his hep-C has caused plaintiff to suffer other medical issues, but offers little in the way of facts or law to support the statement. (ECF No. 9.) Although plaintiff states multiple times that he has not been treated for his hep-C, evidence submitted by defendant shows that all of his severe medical conditions are thoroughly monitored and that he receives constant medical care. (*See* ECF Nos. 12, 14 (sealed).) Plaintiff may disagree with the chosen course of treatment, but differences in judgment between a prison medical official and an inmate do not, as a matter of law, establish deliberate indifference. *Toguchi*, 391 F.3d at 1058.

Second, while defendant does not dispute that plaintiff is facing a risk of imminent harm, plaintiff has not shown he is likely to suffer irreparable harm in the absence of the requested injunctive relief. Plaintiff asserts that the requested hep-C treatment will resolve his medical issues, but plaintiff presents no evidence to support his claim. (ECF No. 9.) From the present record it appears, as noted above, that plaintiff is receiving constant medical care and NDOC doctors are monitoring his condition. Further, defendant asserts that plaintiff is not eligible for the requested hep-C treatment, and even if he were, his other medical conditions are the ultimate cause of harm. (ECF No. 12 at 5.) If plaintiff is in danger in spite of those facts, it is his burden to persuade the court not just that irreparable harm is possible, but that it is likely. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

Having found that plaintiff has not made the requisite showing that he is likely to succeed on the merits or to suffer irreparable harm, the court concludes that a preliminary injunction is not

warranted.  This decision is in keeping with the Ninth Circuit's heightened standard for mandatory injunctions, under which the facts and law must clearly favor plaintiff and serious harm must be a likely result of this court's inaction.  *See Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1161 (9th Cir. 2011).

## III.    CONCLUSION

Based on the above, the court recommends that plaintiff's motion (ECF No. 9) be denied.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a preliminary injunction (ECF No. 9) be **DENIED.**

**DATED**: August 3, 2017.

_____

**UNITED STATES MAGISTRATE JUDGE**