UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| J. BENJAMIN ODOMS, <br><br>                             Plaintiff, <br>     v. <br>ROMEO ARANAS, *et al.*, <br><br>                            Defendants. | Case No. 3:16-cv-00159-MMD-VPC <br><br>ORDER |

**I.   SUMMARY**

Before the Court is Plaintiff J. Benjamin Odoms's second motion for preliminary injunction ("Second PI Motion") (ECF No. 57). The Court has reviewed Defendant Marsha Johns's response (ECF No. 61) and Plaintiff's reply (ECF No. 68). For the following reasons, the Court denies Plaintiff's Second PI Motion without prejudice and *sua sponte* grants Plaintiff leave to amend his First Amended Complaint ("FAC").

**II.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") who is currently housed at the Northern Nevada Correctional Center ("NNCC"). (ECF No. 10 at 1.) The screening order details the allegations in Plaintiff's FAC. (*Id.* at 4-10.) The screening order permitted Plaintiff's deliberate indifference to serious medical needs claims in Count I to proceed against Defendant Dr. Gedney and in Count II to proceed against Defendants Dr. Johns and Dr. Gedney. (*Id.* at 10.) The deliberate indifference claim in Count I is based on Plaintiff's allegations that he did not receive adequate treatment for hepatitis C ("hep-C"), while the deliberate indifference claim in

1  Count II is based on Plaintiff's allegations that he was denied treatment for hep-C due to
2  the cost of treatment. (*See id.* at 4-8.) The treatment Plaintiff seeks is a medication called
3  Harvoni that could cure his hep-C. (ECF No. 36 at 12.)

4  Defendants have maintained that Plaintiff does not qualify for Harvoni under NDOC
5  Medical Directive 219 ("Medical Directive") (ECF No. 12 at 7 (citing ECF No. 12-2 at 2-3);
6  ECF No. 61 at 8), which establishes eligibility criteria for hep-C treatment.[1] (*See also* ECF
7  No. 9 at 8-10.) Individuals with Aspartate Aminotransferase Platelet Ratio Index ("APRI")
8  scores less than 2.0 (or 1.5 in the presence of findings suggestive of advanced
9  fibrosis/cirrhosis) are ineligible for treatment.[2] (ECF No. 12 at 6 (citing ECF No. 12-3 at
10 5).) Plaintiff's most recent APRI scores have been lower than even 1.5. (ECF No. 61 at
11 9.)

12 This is Plaintiff's second motion for preliminary injunction before the Court. Plaintiff
13 filed his first motion for preliminary injunction ("First PI Motion") on May 16, 2017. (ECF
14 No. 9.) The Magistrate Judge held a hearing on Plaintiff's First PI Motion on July 25, 2017,
15 and subsequently issued a report and recommendation ("R&R") that Plaintiff's First PI
16 Motion be denied. (ECF Nos. 21, 23.) The Court adopted the Magistrate Judge's R&R in
17 full and denied Plaintiff's First PI Motion. (ECF No. 58.)

**III.   LEGAL STANDARD**

"'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy
that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'"
*Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat.
Res. Def. Council*, 555 U.S. 7, 22, 32 (2008)). To qualify for a preliminary injunction, a

---

[1] As the Magistrate Judge noted, the APRI score represents the standard by which NDOC and the Federal Bureau of Prisons assess whether the Harvoni treatment is appropriate for a particular patient. (ECF No. 36 at 16-17; ECF No. 12-2 at 2-3.)

[2] An APRI score above 1.5 indicates that the patient likely has, or is quickly approaching, cirrhosis of the liver, according to prison officials in a similar case. *King v. Calderwood*, No. 2:13-cv-02080-GMN-PAL, 2016 WL 4771065, at *5 (D. Nev. Sept. 12, 2016), *aff'd sub nom. King v. Cox*, 692 F. App'x 398 (9th Cir. 2017). An APRI score above 0.5 indicates the likelihood of some liver damage (fibrosis). *Id.*

plaintiff must demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction is in the public interest. *Winter*, 555 U.S. at 20; *All. for the Wild Rockies v. Cottrell*, 623 F.3d 1127, 1131 (9th Cir. 2011).

Alternatively, in the Ninth Circuit, an injunction may issue under a "sliding scale" approach if there are serious questions going to the merits and the balance of equities tips sharply in the plaintiff's favor. *All. for the Wild Rockies*, 632 F.3d at 1134-35. The plaintiff, however, must still show a likelihood of irreparable harm and that an injunction is in the public interest. *Id.* at 1135. "[S]erious questions are those 'which cannot be resolved one way or the other at the hearing on the injunction.'" *Bernhardt v. L.A. Cty.*, 339 F.3d 920, 926-27 (9th Cir. 2003) (quoting *Republic of the Phil. v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)). They "need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Marcos*, 862 F.2d at 1362 (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)).

## IV. DISCUSSION

Defendants argue that the Court should strike or summarily deny Plaintiff's Second PI Motion because it is duplicative of the first. (ECF No. 61 at 6.) The Court agrees that Plaintiff's Second PI Motion is similar to the first. However, there is one material difference between the two. Unlike in the First PI Motion, Plaintiff challenges the Medical Directive itself in the Second PI Motion. (*See* ECF No. 58 at 4.) In the Second PI Motion, Plaintiff challenges the Medical Directive as medically inappropriate because APRI scores do not accurately reflect the health of an individual's liver. (ECF No. 68 at 5.) Plaintiff further challenges the Medical Directive as inconsistent with the current standard of care because the current standard of care requires treatment with Harvoni (or similarly curative medications) for nearly all individuals infected with hep-C, while the Medical Directive establishes more stringent criteria for treatment. (ECF No. 57 at 3.)

///

Nevertheless, Plaintiff's Second PI Motion will be denied without prejudice because Plaintiff does not challenge the Medical Directive in his FAC.[3] Plaintiff cannot demonstrate a likelihood of success on the merits of a claim that lies outside his FAC. *See Winter*, 555 U.S. at 20. However, given that Defendants have had notice of Plaintiff's potential to challenge the Medical Directive, the Court will *sua sponte* grant Plaintiff leave to amend his FAC in order to ground the allegations and arguments raised in his Second PI Motion. *Gypsum Res., LLC v. Masto*, 672 F. Supp. 2d 1127, 1132 (D. Nev. 2009) ("Defendants here have long had notice of the relevant issues based on the Complaint, even if section 25 was not explicitly pled, so the Court will grant leave to amend *sua sponte* and address Section 25.").

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the FAC. If Plaintiff chooses to file an amended complaint, he is advised that the amended complaint will supersede (completely replace) any prior complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this Order, Plaintiff must file the amended complaint within 30 days from the date of entry of this Order.

---

[3] The Court will not consider Defendants' other arguments in light of this basis for denying Plaintiff's Second PI Motion.

## V. CONCLUSION

It is therefore ordered that Plaintiff's Second PI Motion (ECF No. 57) is denied without prejudice.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his FAC, as outlined in this Order, Plaintiff must file the amended complaint within 30 days from the date of entry of this Order.

It is further ordered that the Clerk of the Court send to Plaintiff the approved form for filing a section 1983 complaint, instructions for the same, and a copy of his original FAC (ECF No. 7). If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

DATED THIS 16th day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE