UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

J. BENJAMIN ODOMS,

Plaintiff,

v.

ROMEO ARANAS, *et al.*,

Defendants.

Case No. 3:16-cv-00159-MMD-VPC

ORDER

I. **SUMMARY**

Plaintiff J. Benjamin Odoms is a prisoner in the care and custody of the Nevada Department of Corrections ("NDOC") and seeks curative treatment for his infection with the hepatitis-C virus ("HCV"). Before the Court is Defendants Karen Gedney and Marsha Johns's ("Defendants") motion for summary judgment ("Motion") (ECF No. 82). The Court has reviewed Plaintiff's response (ECF No. 87) and Defendants' reply (ECF No. 88). For the following reasons, the Court will grant summary judgment in favor of Defendants.[1]

II. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his Second Amended Complaint ("SAC") on May 29, 2018. (ECF No. 76.) In his SAC, Plaintiff sues Defendants Marsha Johns, and Karen Gedney for one count of deliberate indifference to serious medical needs in violation of the Eighth Amendment.[2] (*See id.* at 2, 4.)

---

[1]Accordingly, Plaintiff's motion for preliminary injunction (ECF No. 77) and motion for expedited review (ECF No. 90) will be denied as moot.

[2]Plaintiff improperly names Romeo Aranas as a defendant as explained *infra* section III(B).

Plaintiff alleges the following in support of his claim. Plaintiff has been diagnosed with HCV, a serious medical need. (*Id.* at 4.) Defendants are aware that Plaintiff suffers from symptoms of HCV including severe fatigue, weakness, joint pain, and severe abdominal pain. (*Id.* at 4-5.) These symptoms warrant treatment with the direct acting anti-viral ("DAA") drug called Harvoni under the relevant community standard of care. (*Id.* at 5.) There is no reason for licensed medical doctors to refuse or decline to prescribe either Harvoni or Viekira-Pak to every patient with HCV. (*Id.* at 6.) The community standard of care requiring administration of DAAs to individuals with HCV has been established since January 2014. (*Id.* at 7.) Nevertheless, Defendants have refused treatment with DAAs on the erroneous premise that he is not sick enough and in order to save money. (*Id.* at 5.) The care that Defendants have provided is so cursory as to amount to no medical care at all. (*Id.* at 9.)

## III.    LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and

draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

### A. Count I – Eighth Amendment Deliberate Indifference

Defendants argue that they are entitled to summary judgment because Plaintiff's allegations amount to a difference of medical opinion with prison medical staff. (ECF No. 82 at 7.) Plaintiff argues that Defendants chose their course of treatment in conscious disregard of an excessive risk to Plaintiff's health—namely, death. (ECF No. 87 at 6.)

"To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). The second prong—the subjective standard—requires plaintiffs to show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "Indifference may appear when prison

3

officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted).

The Court previously determined that Plaintiff did not satisfy the subjective standard because he did not show that prison officials failed to respond to his medical needs. (ECF No. 58 at 5.) Plaintiff's SAC does not allege facts that would lead to a different finding, nor does Plaintiff dispute Defendants' characterization of this case as one involving a difference of opinion between a prisoner and medical staff. (*See* ECF No. 87 at 6.) Thus, Plaintiff's argument amounts to a difference of opinion with prison medical staff regarding his course of treatment. *King v. Calderwood*, No. 2:13-cv-02080-GMN-PAL, 2016 WL 4771065, at *5 (D. Nev. Sept. 12, 2016), *aff'd sub nom. King v. Cox*, 692 F. App'x 398 (9th Cir. 2017) (finding that denial of treatment for HCV consistent with facility guidelines amounted to a difference of opinion about medical treatment); *see also Harrell v. Cal. Forensic Med. Grp., Inc.*, No. 2:15-CV-0579 DB P, 2017 WL 1063567, at *5 (E.D. Cal. Mar. 21, 2017) (same). A difference of opinion about treatment does not give rise to a section 1983 claim, *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981), unless the plaintiff shows "that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the] plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Defendants argue that the decision to provide palliative care and refrain from providing DAAs to Plaintiff was not medically unacceptable under the circumstances because providing DAAs would likely harm Plaintiff. (ECF No. 82 at 4; *see also* ECF No. 80 at 5 ("Plaintiff has decompensated end-stage liver disease, and providing him DAA treatment, including HARVONI®, would likely kill him.").) In support of their position, Defendants cite to a report from a gastroenterology specialist who "assessed [Plaintiff] and determined that he was not a candidate for advanced HCV treatment with DAA

///

4

drugs." (ECF No. 82 at 7 (citing ECF No. 84-6 at 3).[3]) This specialist opined that Plaintiff "is not a candidate for hepatitis C treatment because of history of decompensation, which is a contraindication for treatment because of risk of liver failure" and that "[c]urrent guidelines advise against treating this classification of patient." (*Id.* at 3, 5.) Plaintiff insists that he will suffer harm—including death—in the absence of treatment with DAAs. (ECF No. 87 at 6.) However, at best, Plaintiff has shown that he disagrees with the medical opinion of the specialist who evaluated him. Plaintiff has provided no evidence to rebut Defendants' assertion that providing DAA will harm him, nor does Plaintiff dispute that he has been provided palliative care. Thus, Plaintiff has failed to create a genuine issue of material fact with respect to whether Defendants' chose their course of treatment—palliative care—in conscious disregard of an excessive risk to Plaintiff's health, and the Court will grant summary judgment in favor of Defendants.[4]

### B. Romeo Aranas

Plaintiff improperly names Romeo Aranas as a defendant, and the Court will not consider claims against him. Plaintiff named Aranas as a defendant in his First Amended Complaint ("FAC"), but the Court dismissed Aranas from the case without prejudice because the FAC did not contain any allegations against him. (ECF No. 10 at 10.) While the Court granted Plaintiff leave to amend his FAC in its order denying Plaintiff's second motion for preliminary injunction, such leave was granted for the limited purpose of challenging NDOC's medical directive ("Medical Directive") regarding HCV treatment—not to name additional defendants. (ECF No. 73 at 4.)

///

---

[3] The specialist report is authenticated by the declaration of Erin Kruse. (ECF No. 82-2.)

[4] While Plaintiff notes that a scheduling order for discovery has not been issued yet, Plaintiff does not explain how discovery would lead him to evidence in Defendants' possession that would support his position or his opposition to Defendants' Motion. (ECF No. 87 at 1.) Accordingly, the Court does not find that this is a sufficient basis to preclude summary judgment. *Contra Reed v. Nev. Dep't of Corr.*, No. 3:14-CV-00313-MMD, 2015 WL 5092692, at *5 (D. Nev. Aug. 27, 2015) ("Consequently, as the court believes that discovery would shed light on this issue, summary judgment should be denied without prejudice.").

Even if the Court were to consider Aranas as a defendant, summary judgment in favor of Defendants, including Aranas, would be appropriate. While Defendants moved for summary judgment only on behalf of Defendants Gedney and Johns, "[d]istrict courts unquestionably possess the power to enter summary judgment sua sponte . . . ." *Norse v. City of Santa Cruz*, 629 F.3d 966, 972 (9th Cir. 2000). Under Federal Rule of Civil Procedure 56(f), "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). "*Sua sponte* grants of summary judgment are only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue," *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) (internal quotation marks omitted), and "has had a full and fair opportunity to ventilate the issues involved in the matter," *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (internal quotation marks and citation omitted). Given that Plaintiff's claim against Aranas would share the same basis as the claim against Defendants Gedney and Johns, Plaintiff had reasonable notice that the sufficiency of his supposed claim against Aranas would be at issue. Accordingly, to the extent that Plaintiff names Aranas as a defendant, the Court will grant summary judgment in favor of Aranas.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 82) is granted.

It is further ordered that Defendants' motion for leave to file confidential documents under seal (ECF No. 83) is granted.

///

6

It is further ordered that all remaining pending motions (ECF Nos. 77, 90) are denied as moot.

The Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED THIS 27th day of August 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE