# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| J. BENJAMIN ODOMS,<br><br>                      Plaintiff,<br>v.<br><br>ROMEO ARANAS, *et al.*,<br><br>                      Defendants. | Case No. 3:16-cv-00159-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

Plaintiff J. Benjamin Odoms is a prisoner in the care and custody of the Nevada Department of Corrections ("NDOC") and seeks curative treatment for his infection with the hepatitis-C virus ("HCV"). Before the Court is Plaintiff's motion for reconsideration (ECF No. 95) of the Court's August 27, 2018 order ("Order") (ECF No. 93) granting summary judgment in favor of Defendants. The Court has reviewed Defendants Karen Gedney and Marsha Johns's response (ECF No. 96) as well as Plaintiff's reply (ECF No. 97). For the following reasons, the Court will deny Plaintiff's motion for reconsideration.

**II.    LEGAL STANDARD**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No.*

*1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (citation omitted).

## III. DISCUSSION

Plaintiff does not present a coherent argument in support of his request for reconsideration of the Order. Rather, Plaintiff primarily makes a number of factual allegations, including the following. Plaintiff has not been allowed to talk to the hernia specialist for two years. (ECF No. 95 at 2.) Plaintiff is forced to take pain pills that "destroy and hasten his d[e]mise (kidney and liver)." (*Id.*) Defendants do not treat Plaintiff's low blood pressure and know he gets the chills. (*Id.* at 2-3.) Defendants do not know the type of HCV Plaintiff has. (*Id.* at 3.) Defendants' decision to withhold direct-acting antiviral ("DAA") drugs guarantees Plaintiff's death, and the decision concerning Plaintiff's health was a conscious one to cause Plaintiff's death. (*Id.* at 3.) Defendants have not adequately tested Plaintiff's liver function. (*Id.* at 3-4; ECF No. 97 at 2-3.)

In addition to making these factual allegations, Plaintiff asserts that the Court may not make credibility determinations in connection with a motion for summary judgment and attaches to his motion a list of his medication and a copy of his second amended complaint. (ECF No. 95 at 4, 6-21.)

Defendants focus on three aspects of Plaintiff's motion in their response: (1) Plaintiff's allegations regarding his hernia and pain medication; (2) Plaintiff's allegation that Defendants' decision not to treat Plaintiff with DAA drugs guarantees his death; and (3) Plaintiff's assertion that the Court should not make credibility determinations in connection with a motion for summary judgment. (ECF No. 96 at 2.)

Regarding the first point, Defendants argue that Plaintiff's allegations regarding his hernia and pain medication have no bearing on the Court's determination that Defendants' decision to provide palliative care was not medically unacceptable under the circumstances. (*Id.*; *see also* ECF No. 93 at 4.) Plaintiff's reply does not address this

argument (*see* ECF No. 97), and the Court agrees with Defendants. Defendants' decision to treat Plaintiff's pain with medication is consistent with their decision to provide palliative care, and Plaintiff still has not produced any evidence to rebut Defendants' assertion that providing DAA will harm him. (*See* ECF No. 95; ECF No. 97; ECF No. 93 at 5.) To the extent that Plaintiff's allegations regarding pain medications give rise to an independent claim for violation of the Eighth Amendment, such a claim was not before the Court when it issued the Order.

Regarding the second point, Defendants argue that the evidence before the Court showed that prescribing Plaintiff DAA treatment would cause more harm than good in light of his decompensated liver disease. (ECF No. 96 at 2.) Liberally construed, Plaintiff's reply seems to argue that he should receive treatment under NDOC Medical Directive 219 ("MD 219") because his APRI[1] score is 1.88 and the threshold for treatment is 1.77. (ECF No. 97 at 3-4.) The Court agrees with Defendants. Even if MD 219 suggests that Plaintiff should receive treatment, the evidence before the Court showed that prescribing DAA treatment to Plaintiff would cause him harm, and Plaintiff still has not produced any evidence to the contrary. (*See* ECF Nos. 95, 97.)

Regarding the third point, Defendants argue that the Court did not make a credibility determination in the Order. (ECF No. 96 at 2.) Plaintiff does not address this argument in his reply (*see* ECF No. 97), and the Court agrees with Defendants. In the Order, the Court determined that Defendants provided evidence that Plaintiff's desired course of treatment would harm Plaintiff and that Plaintiff failed to produce any evidence to the contrary. (*See* ECF No. 93 at 5 ("Plaintiff has provided no evidence to rebut Defendants' assertion that providing DAA will harm him, nor does Plaintiff dispute that he has been provided palliative care.").) Because Plaintiff still has not produced any such evidence, the Court declines to reverse the Order.

///

///

---

[1] Aspartate Aminotransferase Platelet Ratio Index. (*See* ECF No. 73 at 2.)

3

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 95) is denied.

DATED THIS 5th day of October 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE